CASE 67—PETITION EQUITY—OCTOBER 1.

# Terrell, &c., vs. Spence and wife, &c.

**APPEAL FROM CAMPBELL CIRCUIT COURT.**

1. Land conveyed to a married woman, as her separate estate, for life, "*to go at her death to such persons as would be her heirs at law,*" is such an estate as is embraced by the act of August 23, 1862. (*Myers' Supplement*, 426.)

2. The entire and absolute title to real estate so held may, during the existence of the particular estate, be sold, and the proceeds reinvested by the court, under the provisions of said act of August 23, 1862.

3. In a proceeding under the act of August 23, 1862, to sell real estate for the benefit of a married woman holding the present interest, the court must appoint a commissioner to receive and reinvest the proceeds; therefore, the husband need not give bond, as required by chapter 86 of the Revised Statutes; and in this respect said act may be regarded as a modification of said chapter 86.

J. R. HALLAM and
F. M. WEBSTER,            For Appellants,

CITED—

18 *B. Mon.*, 376 ; *Williamson vs. Williamson.*

14 *B. Mon.*, 571 ; *Turman vs. White's heirs.*

*Revised Statutes, Myers' Sup.*, 426, 428.

*Civil Code*, sec. 49 ; *Story's Eq.*, sec. 63.

*MS. Opn.*, Dec., 1854 ; *Gary vs. Meigs.*

11 *B. Mon.*, 273 ; *Berry vs. Williamson.*

1 *Met.*, 479 ; *Worthington vs. Crabtree.*

3 *Bush*, 484; *Paul vs. Paul.*

1 *Met.*, 424; *Magowan, &c., vs. Way.*

16 *B. Mon.*, 289 ; *Carpenter vs. Strother.*

18 *B. Mon.*, 387 ; *Barret vs. Churchill.*

---

---

1 *Met.*, 284; *Todd vs. Dowd's heirs.*

*Revised Statutes, sec.* 10, *chap.* 80, *arts.* 3, 5, 6; *chap.* 86, *sec.* 17, *art.* 4, *chap.* 47.

1 *Bouvier's Law Dic., p.* 303, "*Contingent Remainders.*"

1 *Bush*, 229, 232; *Miller vs. Hall and wife.*

GEO. B. HODGE,                                        For Appellees,

CITED—

*Revised Statutes, sec.* 1, *art.* 5, *chap.* 86.

*Act of Feb.* 16, 1858; 2 *Stanton*, 314.

*Act of Aug.* 25, 1862; *Myers' Sup.*, 426.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Mrs. Virginia Spence, wife of Philip B. Spence, holding a separate estate for life in certain land which was to go, at her death, *to such persons as would be her heirs-at-law*, her husband filed a petition against her and her brothers and sisters, she having no children, for a sale and reinvestment of the proceeds, alleging that such would greatly redound to her interest and those who might take after her. These proceedings were conducted according to chapter 86 of the Revised Statutes.

The land was adjudged to be sold and the proceeds to be reinvested under the direction of the court, with the same limitations, conditions, &c. Terrell became the purchaser, and on rule he was adjudged to pay the purchase price, notwithstanding his objections because his title would not be valid, and that said proceedings were unauthorized; and he seeks a reversal.

The act of August 23, 1862 (*Myers' Supplement*, 426), provides, that "where real estate or slaves, or the use thereof, for a limited period, is held, and the title whereof is devised by deed or last will, in which there may be a contingent interest depending on

events which may or not happen, and the person or persons or corporations to take such future interest cannot, for the time being, be ascertained on account of the non-happening of the event or events on which such interest depends, it shall be lawful for any person having a present interest in such real estate or slaves to institute proceedings in any court of this Commonwealth, not inferior to the circuit court, possessing equitable jurisdiction, and within the county in which the property may be situated, for the 'sale of the entire and absolute title to such property," the proceeds to be reinvested in the same kind of property, and to be conveyed and held in the same manner. And by section two of said act, any one or all of those having the present vested interest may bring said suit; but should any such refuse to join as plaintiffs, they may be made defendants. And it is provided in section four, "that in all cases where the vested interest in the estate sought to be sold is held by infants or *married women*, the proceedings to effect the sale shall be made in *conformity with the eighty-sixth chapter of the Revised Statutes*, in relation to the sale of the real estate of infants, &c., and such amendments thereto as have been made by law."

There are two questions involved.

1. Was this estate embraced by said enactment?

2. Were the proceedings regular so as to pass the title?

It is insisted by appellant that the remainder interest was not contingent and uncertain, but was certain to take effect at Mrs. Spence's death, which was also a certain event, and only uncertain as to time. On the other hand, the appellees insist, that whilst there was a certain remainder interest, as to when it would vest, and in whom, was wholly uncertain, and, therefore, it

was wholly impossible for the time being, because of
the non-happening of the death of the tenant for life,
to know who would be the remainder men, and comes
within the spirit and intendment of said act.

Whether Mrs. Spence will leave children or their
descendants at her death is now wholly uncertain.
Whether her brothers and sisters, and their descend-
ants, will be the remainder men, depends, first, upon
whether she leaves issue; secondly, whether her brothers
and sisters survive her; and thirdly, if not, whether they
leave issue. So that, because of her still surviving, it
is wholly uncertain who the remainder men will be;
not only so, but who may, by the laws, as they shall
exist at her death, be her heirs, will then be the re-
mainder men. And no one can now tell what altera-
tion in the laws of descent may be made by that time;
so that who will take this remainder estate is wholly
uncertain—depending on the happening of uncertain
events. And although the words " contingent interest,
depending on events which may or may not happen,"
are used, yet, when taken in all their dependency and
relations in the first section of this act, we can hardly
doubt but it was intended to provide for the sale of
this class of estates. It is obvious, that, to benefit the
holder of the life estate by an exchange of the prop-
erty into other property of the same kind, more adapted
to the wants and situation of the life tenant, was the
controlling motive with the Legislature, whilst no sub-
stantial injury to the remainder men could be per-
ceived, as the proceeds must be reinvested in the same
kind of estate, and on the same conditions. This be-
ing the incentive, it could hardly have been intended
to pass over this large and numerous class of tenants,
and to provide only for a very limited class, where

technically the future interest or estate should itself be contingent. We think that this class of estates is embraced by said enactment.

*Secondly.* By section 5, chapter 86, Revised Statutes (2 *Stant.*, 308), " the lands or slaves of a married woman, or any interest therein, may be decreed to be sold, on the petition of her husband or next friend, she being made a defendant to the same."

This proceeding depends on the interest of the wife, and not of the husband, and embraces every interest of the wife, subject, however, to certain exceptions provided in the chapter.

The proviso to the fourth section of the act of 1862 was designed to provide for the specific proceedings, as to married women and infants, which are essential under said 86th chapter of the Revised Statutes; whilst adults, not married women, must proceed as is provided in the second section of said act of 1862.

But as by the act of 1862 the proceeds do not go into the husband's hands, but into that of a commissioner, for reinvestment, when the court shall, as in this case was done, appoint a commissioner for that purpose, no bond, as required by chapter 86 of the Revised Statutes, was necessary; for so far this latter act may be regarded as a modification of said chapter of the Revised Statutes; but were it otherwise, as this is a judicial bond, depending on the requirements of the court, and not upon the private contract of the parties, the bond in this case, executed by the husband to the wife, would be binding and could be enforced, and is a substantial, though not a literal, compliance with the Revised Statutes.

Albert Berry is made a party defendant. The summons was served on him in the three-fold capacity of heir, administrator, and guardian. His deposition is in

the case, in which he states he was and is the administrator *de bónis non* of the testator, and states that a sale will be advantageous to all concerned. · Hence, for every equitable and substantial purpose, the representative of the donor was before the court, and the judgment binding on him, and the proceedings substantially regular, according to the Revised Statutes.

Seeing no reversible error, but finding the proceedings substantially regular under said enactment of 1862 and the Revised Statutes, and that the absolute title will pass by virtue of said judgment and sale and commissioner's deed, said judgment is affirmed, with damages.