Mr. Justice Cos
delivered the opinion of the court.
This case, as is very well known, was an action brought to *503 ■recover damages, for injuries alleged to have been suffered by the plaintiff in being forcibly and wrongfully expelled from the cars of the defendant.
The case was tried three times, and on the last trial, the jury rendered a verdict for the plaintiff for fifteen thousand dollars. The case came, in the usual form, before this court on a motion for a new trial on bills of exceptions. It was argued by counsel, and while under advisement, the defendant settled with the plaintiff by paying him two thousand Hollars, and received from him a release of all claims and demands, and an order to the clerk of this court to enter the ■case dismissed. This -was done without the knowledge of the plaintiff’s attorneys.
After this was done, the court rendered its opinion, setting aside the verdict in the case below and ordering a new trial, and then this order to dismiss was filed; and after that the attorneys for the plaintiff came into court and moved the court to set the cause down for trial, notwithstanding the paper filed by the defendant purporting to be an acknowledgment that the case had been settled, on the ground that said pretended settlement between the plaintiff and the defendant was collusive, and with the knowledge on the part of the defendant that the plaintiff’s attorneys were interested in the case to the extent of their fees for services, and that knowledge of such settlement was being concealed from them by the plaintiff.
The motion was accompanied with an affidavit showing that the plaintiff had agreed to pay his attorney, Mr. McPherson, a contingent fee of 33 per cent, of-the amount that should be recovered.
The court thereupon passed a peremptory order that the defendant should pay to plaintiff’s attorneys one-third of the sum of two thousand dollars, and that, in default thereof, the entry of dismissal should be struck out and the case •set down for trial. That order was appealed from and that appeal has been the subject of discussion before us.
In the argument here it was claimed, on the part of the ^attorneys for the plaintiff, that they had a lien on the cause *504 of action, and that the court could enforce it by allowing the suit to proceed to trial for the benefit of the-attorneys -where it had been adjusted between the partiescollusively with a view to cheat the attorneys out.of their compensation. Upon the other hand, it was claimed by the defendant that, before judgment, the parties to a pending suit have entire control of the subject-matter, and may settle-it between themselves without reference to either the wishes- or the interests of the attorneys.
The common law recognizes the lien of an atorney upon moneys of his client in his hands, and, also, upon papers and documents in his hands, whether they be muniments of title, or causes of action, or evidence ; but there is no such thing as the lien of an attorney upon a mere claim or cause of action which his client has against a third person, apart from the tangible vouchers of the claim which may be in the attorney’s possession. The very essence of the common law lien is possession. The party who has a lien loses it the moment he surrenders possession ; and possession cannot be predicated of a mere abstract right in. another»person. It is-conceded on all hands that the parties, before judgment, may ■ compromise and settle between themselves without reference to the attorney; which could not be the case if the attorney could be regarded as having possession of his client’s cause of action. When the cause is once reduced to judgment, however, it is governed by different principles. While a suit is pending, the cause of action may be compromised and settled by the parties out of court; but when reduced to judgment, it can only be settled by an entry of satisfaction on the record ; and the person ordinarily recognized as having authority to enter that is the attorney of record ; so that he has control over the judgment, and 'in a sense of the word, which may be somewhat strained, he may be said to have possession. At all events, the courts have so far recognized it that they allow the attorney a lieu on a judgment or an award rendered under the order of the court. In England the practice arose of enforcing these liens of the attorney by a peremptory rule on the defendant, where he *505 had eollusively settled with the plaintiff, to pay the attorney his costs.'
Then, if the the case of the attorney here has any legal foundation, it cannot be on the ground that he has a lien on the cause of action ; it must be put upon some other ground. It is maintained, however, that the courts have so far recognized the rights of the attorney, in such cases, that if a settlement takes place between the parties without reference to his interests, they will allow the cause to proceed to trial for his benefit, to the extent of his claim for compensation.
A number of cases have been cited upon this question which we think have been largely misapprehended. Almost all the cases have been cases of judgments. All the English cases have been cases where, the suit having been reduced to judgment, the lien of the attorney has attached. The only case which is supposed to differ from the others in that respect is the case of Swain vs. Senate, 5 B. & P., 99.
In that case the defendant was arrested and gave bail, and afterwards left the country. The bail afterwards, without the knowledge of the plaintiff’s attorney, settled the case with the plaintiff. Then the attorney proceeded to take judgment by default against the defendant, and that judgment was not impeached or attacked in any way ; so that it was in the condition in which the lien attached. Then he issued a scire facias against the bail, and the court did allow that proceeding to go on for the benefit of the attorney to the amount of his costs.
But, as we have said, that was a case where the claim had been reduced to judgment, the condition of things in which the courts had always allowed the lien of the attorney to attach.
American cases have been also referred to here, all of which we have examined ; and we find there is only one of them which was a case of tort, in which the privilege of proceeding with the suit for his own benefit was allowed to the attorney after settlement between the parties, and where there was no tangible cause of action that the attorney had in his possession and control.
*506 A case was cited from 22 Wisconsin R., 457, where a suit was brought by the attorney upon a town order, as it was called, and after the settlement between the parties, the attorney was allowed to proceed, upon the ground that he had a lien upon that, not on the ground that he had a lien at all upon the cause of action itself, apart from the evidences of it.
The only case that seems to come up squarely to the proposition that, in an action for unliquidated damages, the court will allow the suit to proceed for the benefit of the attorney, is the case of Rasquin against the Knickerbocker Stage Company, 21 Howard’s Practice Reports, 292 ; and that decision seems to have been rendered upon the authority of Swain vs. Senate, which seems to have been misconceived by the court. This decision, reported in Howard and cited here, was rendered in the court of Common Pleas of the city of New York, which is not a court of last resort. But this is to be remarked about that case, and about others that seem to countenance the proposition that the court will allow a case to proceed for the benefit of the attorneys, viz., that that has never been done except to allow the attorney to secure his legal fees and costs; never to enable him to secure the compensation which his client may have agreed to pay him as counsel. It is necessary to note the distinction.
In the admistration of the law in England, and more or less in this country also, every step taken in a ease involves not only the payment of a compensation to the officers of the court, but also the earning of fees by the attorney of record. If the plaintiff recovers judgment, these fees and costs of his attorney are included in his judgment and become part of it, and as fast as they are earned, the suit becomes, to that extent, the suit of the attorney. He thereby virtually becomes a party to the suit, quoad his legal fees ; and it is very proper that the court should say to the defendant, “ you cannot settle this suit until you settle the claims of all the parties on the record,” and the attorney being, quoad these fees, a party on the record, his fees must be provided for before the case can be dismissed. But the reason *507 would not apply to a collateral contract between the attorney and his client.
This present case illustrates the distinction particularly. Here is a claim for unliquidated damages, which is, in its very nature, incapable of being assigned in whole or in part to the attorney. And, in fact, the agreement which is relied upon here does uot purport to assign it in any part ; but is simply an engagement on the part of the plaintiff' to pay his attorney a contingent fee of thirty-three per cent, of the amount of the recovery; that is, he agrees that in case of recovery, he personally, will pay to his counsel a sum equivalent to thirty-three per cent, of the amount recovered. It is clear, therefore, that he might as well agree to pay a gross sum of one thousand dollars, or any other gross sum, or to convey a bouse and lot in case of success in the suit.
Now, in no sense can that collateral engagement of the client to his attorney be said to be involved in this suit. Here is au action for damages suffered by the client. It is not a suit to recover money stipulated in a collateral agreement to be paid by client to attorney, but it is to recover damages for injuries alleged to have been suffered by the client, and, quod that, the attorney cannot be interested as a party in the suit. It might as well be said that, whei'e the client had agreed to do some collateral thing in case of the recovery of judgment, to convey a house and lot, for example, the court could, after this settlement, hold the defendant responsible for the plaintiff’s engagement to convey that house and lot to his attorney. You could maintain that proposition with as much reason as that the court could compel the defendant to pay to the attorney of the plaintiff the moneys or considerations which the client had collaterally engaged to pay to his attorney. The courts will not enforce such a- claim in that way. They leave the attorney to his common law remedy on the contract.
"We think the whole coui’se of the authorities is in that direction. The law is stated in the first place in Parsons on Contracts, Vol. I, p. 116, as follows : “ He [the attorney] has no claim for unliquidated damages in court until after judg *508 ment.” The case of Wood vs. Anders, 5 Bush, 641, is cited, which fully sustains this proposition.
Again in Parsons, Vol. Ill, p. 269: “But the lien on the cause for his fees does not attach until the judgment is rendered. Therefore, where in a case reserved, after the opinion of the court was pronounced in favor of the plaintiff, he forthwith assigned his interest in the judgment, and the defendant, during the term and before the judgment was actually entered, paid the whole amount to the assignee ; it was held that the attorney’s lien was thereby defeated.”
In support of this, several cases are cited, all of which fully sustain the position iu the text.
Besides these, there are two cases in the New York Reports, which investigate the question very thoroughly. The first is the case of Pulver vs. Harris, 52 New York Reports, p. 78. That was an action for assault and battery. The plaintiff recovered a judgment, which he assigned to his attorney, to seeure his costs, and notice of the assignment was given to the defendant. The defendant appealed and the decision was reversed, and before the trial the parties settled, and the plaintiff executed to the defendant a release. Notwithstanding this, the plaintiff’s attorney moved the trial of the action when it was reached on the calendar, and the defendant’s counsel produced the release.
The court held that the cause of action was not assignable^ and that after the reversal of the judgment the assignment thereof became inoperative, so far as the defendant’s rights were concerned; and that, as to him, the cause of action belonged to the plaintiff, which he could not transfer, and which remained subject to his control until merged in a judgment, or at least in a verdict. Judge Grover said : “It may be said that although the plaintiff was the owner of the cause-of action, and as such had a right to control and settle the suit, yet the defendant, knowing that the attorney relied upon the fruits of the action as security for the services, ought to have paid the money to him, instead of the plaintiff, upon the settlement. The answer to this is,-that the attorney, having no legal or equitable lien upon the cause of *509 action, the defendant had the right to pay the money to the plaintiff, to whom it belonged, and was not bound to take care of the interests of the attorney.”
This case was followed by the case of Coughlin vs. The Hudson River Railroad Company, 71 N. Y. R., 443. That was a very similar ease. There the plaintiff was injured while a passenger on the defendant’s railroad. He brought suit, and executed an agreement with his attorneys to divide with them the damages that might be recovered against the defendant, and the agreement was'that if nothing should be recovered’ the attorneys should have nothing for their services, Subsequently. the plaintiff' called at the office of the defendant attorneys, and had some negotiation with them, and made a settlement.
The court said :
“It is certainly a general rule, that parties to an action may settle the same without the intervention of the attorneys. Generally, a plaintiff who has a cause of action against a defendant may release and discharge it upon such terms as are agreeable to hinb.. This he may do while the action is pending, and after judgment he may cancel and discharge the judgment. In all this generally he infringes upon no privilege and violates no right of his attorney.
“But since the time of Lord Mansfield, it has been the practice of courts to intervene to protect attorneys against settlements made to cheat them out of their costs. If an attorney has commenced an action, and his client settles it with the opposite party before judgment, collusively, to deprive him of his costs, the court will permit the attorney to go oh with the suit for the purpose of collecting his costs. ##**#*#*
“ After judgment, the attorney who has procured it has a lien upon it for his costs. This lien is upheld upon the theory that the services and skill of the attorney have procured the Judgment. There is, then, something upon which a lien can attach, and the courts uphold the lien by an extension to •such cases of the principle which gives a mechanic a lien upon *510 a valuable thing which, by his skill and labor, he has produced.
“ A person owning a judgment for the recovery of money may give his attorney, or any other person, by agreement, rights and equitable interests therein, which the defendant therein, charged with notice, must respect; So, if the cause of action before judgment be in its nature assignable, the owner of it may assign and, by agreement, create legal and equitable interests therein, and such agreement may now be made with his attorneys as well as with other persons, and when such interests have been created, and notice given of them, they must be respected. But what I maintain is that before judgment, in the absence of any ágreement, the attorney has not now and never had any lien upon, or interest in the cause of action ; and when the cause of action is like this,, such as by its nature is not assignable, the party owning it cannot by any agreement, give his attorney, or any other person, any interest therein.”
In People vs. Tioga C. P. 19 Wend., 73, Cowen, J., said:
“Assignments of .personal injuries must still be regarded as mere covenants or promises which we cannot directly protect against the interference of the immediate party, though the defendant have full notice of the effort to assign. If the person professing to assign will do prejudice to the right by extinguishing or impairing it, the party with whom he deals must be left to his action for damages according to the nature of the undertaking. Mere personal torts of this kind cannot be separated from the person upon whom they are inflicted and they die with him.
“Here there was not even any agreement by plaintiff' to assign any portion of the claim to his attorneys. The agreement executed did not purport to give them any present interest in the cause of action. It was simply an executory agreement that the attorneys should share in the damages recovered, the cause of action remaining intact in the plaintiff. Still an agreement to divide the recovery in such a *511 case would attach itself to the judgment when recovered, and give the attorney an equitable interest therein.
It is, therefore, beyond dispute, that the plaintiff’s attorney had neither a legal nor an equitable interest by way of assignment or lien on the cause of action. The defendant was not asking any favor of the court. It was in court simply insisting upon its settlement with the plaintiff as a defence to his cause of action. Therefore, if the attorneys are entitled to the protection they now seek, it is only by the exercise of the extraordinary power of the court, to which I have first above alluded, and I am prepared to say that such power should not be exercised in a case like this. It has not been conferred upon the courts by statute, usage or common law. Its exercise to secure to an attorney the statutory fees, small in amount and easily ascertainable, was just and proper, and could lead to no abuse. But to exercise it so far as to enforce all contracts between clients and attorneys, however extraordinary, is quite another thing. Here the attorneys were contractors. They took the job to carry this suit through, and to furnish all the labor and money needed for that purpose, and they are no more entitled to the protection which they now seek than any other person not a lawyer would have been if he had taken the same contract. When a party has the whole legal and equitable title to a cause of action, public policy and private right are best subserved by permitting him to settle and discharge that, if he desires to, without the intervention of his attorneys.”
This ease has been followed up since by the case of Kusperer vs. The city of Beaver. Dam, in Wisconsin, in 1881, which is found reported in a late number of the Northwestern Reporter. That was an action for personal injury, in which the facts were to a very large extent the same as in the cases I have just cited, and those cases were referred to and the decisions reaffirmed by the court in Wisconsin.
But enough has been said to show that all the cases hold uniformly that the court will not interfere to enforce in a summary way, through the original suit, the collateral engagements of a client for the compensation of his attorney. *512 We are certainly as desirous as any court could be to protect the members of the bar m their relations with their clients, but it clearly seems to be, if not beyond the power of the court, certainly a practice not sustained by any authority or precedent, to enforce an engagement of this character in a summary way; the court will leave the attorney to his common law remedy, and, therefore, we are compelled to reverse the order of the court below and to allow the order of setlement to stand.
There was a question suggested in the consultation in this case as to whether the order appealed from was an appealable order. We wish not to be committed to any decision on that question. We are satisfied upon the merits of the case that the order below ought to be reversed.