THOMAS F. WILSON v. SAMUEL P. GRAHAM.

[Abstract Kentucky Law Reporter, Vol. 5—928.]

**Sufficiency of Title to Real Estate.**

Where a conveyance of real estate states that the grantor "doth grant, bargain, sell and convey to (a named person) and to such child or children she may have by the said grantor at the time of death, or to the descendants of any such, if descendants there should be," in a suit by the grantor (husband) against the grantee (wife), for reinvestment of the proceeds, a child of the wife has no present or vested interest and is not a necessary party to such proceeding; and a title secured at such a sale for reinvestment under the Act of 1862, Myers' Sup., § 426, is good.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 3, 1884.

OPINION BY JUDGE HINES:

The question presented is whether the title tendered appellant is good. It is derived under purchase at judicial sale and claimed to be defective on account of an irregularity in the proceedings. Prior to the judicial sale the property belonged to Mrs. McCready, a married woman, and was held under a deed with this granting clause: "doth grant, bargain, sell and convey to the said Sallie Mc-Cready and to such child or children she may have by the said George W. McCready at the time of her death, or to the descendants of any such, if descendants there should be." The suit was by the husband against the wife for reinvestment of the proceeds, and the alleged defect is that a child of McCready and wife, then and now living, was not made a party.

The act of 1862, Myers' Supplement, § 426, under which the proceedings were had, provides: "Where real estate or slaves, or the use thereof for a limited period, is held, and the title whereof is derived by deed or last will and testament, in which there may be a contingent interest depending upon events which may or may not happen, and the person or persons, corporation or corporations to take such future interest can not, for the time being, be ascertained on account of the nonhappening of the event or events on which interest depends," all or any of the parties "having a present

or vested interest in said estate" may institute a suit for sale and reinvestment.

If the child who was not made a party had no "present or vested" interest, but contingent, it is clear that he was not a necessary party to such procceding. That his interest was contingent and not vested or present is to us perfectly clear, and the case comes within the statute quoted, which was manifestly enacted to authorize the sale of such contingent estates. *Williamson v. Williamson,* 18 B. Mon. (Ky.) 329; *Terrell v. Spence,* 5 Bush (Ky.) 637.

The proceedings in the cause being in every respect regular under the statute, the title of the purchaser at the decretal sale is perfect and the conveyance tendered appellant should be accepted.

Judgment *affirmed.*

*James S. Pirtle, George B. Eastin,* for *appellant.*

*Mix & Rogers, Alex. P. Humphrey,* for *appellees.*

[Cited, *Mercantile Bank v. Ballard's Assignee,* 83 Ky. 481, 7 Ky. L. 478, 4 Am. St. 160.]